Lisa Ann POWELL,
Claimant/Appellant,

v.

CATHOLIC CHARITIES OF ST.
LOUIS, and Division of Employ-
ment Security, Respondents.

No. ED 88352.

Missouri Court of Appeals,
Eastern District,
Division Five.

Sept. 26, 2006.

Lisa Ann E. Powell, St. Louis, MO, pro
se.

Larry Raymond Ruhmann, Attorney,
Jefferson City, MO, for respondent.

BOOKER T. SHAW, Chief Judge.

Lisa Ann Powell (Claimant) appeals
from the Labor and Industrial Relations
Commission's (Commission) decision deny-
ing her claim for unemployment benefits.
The Division of Employment Security (Di-
vision) originally filed a motion to dismiss
the appeal for lack of a timely notice of
appeal. Claimant has filed suggestions in
opposition to the motion. The Division
subsequently filed a motion to remand the
case to the Commission.

A deputy for the Division initially deter-
mined that Claimant was disqualified for
unemployment benefits after concluding
that she was discharged from her employ-
ment for misconduct connected with her
work. The Appeals Tribunal affirmed this
determination with a slight modification.
The Commission affirmed the decision of
the Appeals Tribunal by order mailed to
the parties on June 5, 2006. The Commis-
sion received Claimant's notice of appeal to
this Court from the United States Postal
Service on July 10, 2006, but the envelope
had no postmark. The Commission's sec-
retary noted on the notice of appeal form
that she received the notice of appeal on
July 10, 2006.

Section 288.210, RSMo 2000, requires
that the notice of appeal to this Court from
the Commission's decision be filed within
twenty days of decision becoming final.
The Commission's decision becomes final
ten days after it is mailed to the parties.
Section 288.200.2, RSMo 2000. In this
case, Claimant's notice of appeal was due
on July 5, 2006. Sections 288.200.2,

288.210. Section 288.240, RSMo 2000, provides that any notice of appeal "when mailed to and received by . . . the commission, be deemed to be filed as of the date endorsed by the United States post office on the envelope or container in which such paper is received."

The record on appeal shows only that Claimant mailed the notice of appeal, but the envelope does not contain a postmark. The Division has requested a remand to determine the date of filing of the notice of appeal. In her response, Claimant stated that she mailed the notice of appeal on July 5, 2006.

This case is identical to a recent case handed down by the Southern Division. In *Dixon v. Stoam Industries, Inc.*, No. SD27407, —— S.W.3d —— (Mo.App. S.D., filed July 24, 2006), the Southern Division was unable to determine if the claimant's notice of appeal was timely because the envelope failed to contain a postmark. The court noted that the date the Commission actually receives the notice of appeal is the date of filing, unless section 288.240 mandates an earlier date within which to deem the notice of appeal filed. *Id.*, slip op. at 1, at ——. Relying upon cases in the workers' compensation arena, the court concluded that the claimant was entitled to prove, if possible, the date on which the notice of appeal was or should have been actually postmarked and placed in the mail. *Id.*, slip op. at 3, at ——. The court remanded the case to the Commission to determine the date on which the claimant's notice of appeal was deemed filed. *Id.*, slip op. at 4, at ——.

We believe the decision in *Dixon* is the appropriate course of action in this case. The Division's motion to remand is granted.[1] We remand this case to the Commission with directions to hold a hearing and

make findings of fact regarding the date on which Claimant's notice of appeal is deemed filed in accordance with section 288.240, and to certify the date of such filing to this Court.

GLENN A. NORTON and PATRICIA L. COHEN, JJ. Concur.

---

1. The motion to dismiss and this appeal are stayed pending the certification by the Commission of the date of the filing of Claimant's notice of appeal.